## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK
## CIVIL DIVISION – CENTRAL ISLIP

-----------------------------------------------------------------------x

| | |
|---|---|
| Daniel J. Pflanzer | **COMPLAINT** |
| | **AND DEMAND FOR** |
| Plaintiff, | **TRIAL BY JURY** |
| | |
| - against – | Civil Action, File No. |
| | 2:18-cv-2676 |
| | |
| John Doe PC d/b/a Aadvanced Footcare Associates, Hal F. Abrahamson, Debra B. Manheim, and Hal F. Abrahamson as the Executor of the Estate of Ivan Abrahamson | |
| | |
| Defendants. | |

-----------------------------------------------------------------------x

Plaintiff, Daniel J. Pflanzer, by and through his attorney, Akiva Shapiro, Esq., complains of Defendants John Doe PC d/b/a Aadvanced Footcare Associates, Hal Abrahamson, Debra B. Manheim, and Hal F. Abrahamson as the Estate of Ivan Abrahamson and allege as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction of this case pursuant to 29 USCS §§ 201, et seq. (Fair Labor Standards Act of 1938 as amended "FLSA"), and 28 USCS §1331.

2. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 based on the claims under New York Labor Law §§ 650, et seq. (Article 19 Minimum Wage Act) including Part 142 of Title 12 of the regulations promulgated by the Commissioner of Labor (collectively, the "Labor Law").

3. 28 USCS § 1367, Supplemental Jurisdiction, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

4. Venue in this District is proper as defendant Hal F. Abrahamson resides in Suffolk County, NY and pursuant to Local Rule 50.1(d)(3), the convenience of the parties and witnesses.

## NATURE OF ACTION

5. Plaintiff alleges that he is (i) entitled to unpaid minimum wages for work for which he did not receive minimum wage pursuant to the Labor Law and (ii) entitled to liquidated damages pursuant to the FLSA, 29 USCS §§ 201, et seq., and the Labor Law.

## THE PARTIES

6. Upon information and belief, at all the times mentioned, defendant, John Doe PC d/b/a Aadvanced Footcare Associates, a professional corporation incorporated under the laws of the State of New York, was and is a resident of the State of New York, Queens County. The name of the legal Professional Corporation is unknown by Plaintiff at this time, as all letterhead, incoming mail, and their website identify the firm only as Aadvanced (spelled starting with "Aa") Footcare Associates and there is no listing under that name with the New York State Department of State.

7. At all times mentioned, plaintiff, Daniel J. Pflanzer, a natural person was and still is a resident of the State of New York, Queens County. Daniel J. Pflanzer was employed by John Doe PC d/b/a Aadvanced Footcare Associates

8. Upon information and belief, at all the times mentioned, defendant Hal F. Abrahamson, a natural person, was and is a resident of the State of New York, Suffolk County, and is a primary shareholder of John Doe PC d/b/a Aadvanced Footcare Associates or its successor.

9. Upon information and belief, at all the times mentioned, defendant Debra B. Manheim, a natural person, was and is a resident of the State of New Jersey, and was a primary shareholder of John Doe PC d/b/a Aadvanced Footcare Associates or its successor.

10. Upon information and belief, defendant Hal F. Abrahamson as the Executor of the Estate of Ivan Abrahamson, deceased January 4, 2018, was and is a resident of the State of New York, Suffolk County, and the decedent was a primary shareholder of John Doe PC d/b/a Aadvanced Footcare Associates.

## FACTUAL BACKGROUND

11. Defendants committed the following acts knowingly, intentionally and willfully.

12. Defendants knew that the nonpayment of minimum wages would economically injure Plaintiff and violated state laws.

13. Defendants paid Plaintiff for fewer hours than he actually worked.

14. Defendants failed to pay Plaintiff the minimum wage for all hours worked.

15. Defendants employed Plaintiff from on or about April 2002 to on or about October 30, 2017 (the "time period").

16. Upon information and belief, Defendants regularly used U.S. mail to send or receive letters to and from other states.

17. Plaintiff's duties included open and start up the office, check daily sheet for patients and pull those charts, answer phones until Jean Abrahamson (Ivan Abrahamson's wife) arrived, pre-cut foot pads to prepare for patients prior to selling them "Arch Supports", sterilize all utensils in the "Auto Clave" machine (steaming and sterilizing process), prepare patient rooms with proper utensils for the doctors, welcome patients, escort patients to rooms, apply biofreeze and massage heels of feet with hand held devices, prepare and administer "whirl-pool" foot baths, clean each room and utensils after each patient visit was complete, file charts away, vacuum, clean and mop office floors, sterilize additional instruments used or left out after the days' patients, clean and change vacuum bags in the foot drill machines, order and stock office and medical supplies, assist with and perform foot x-rays, run errands for Jean Abrahamson (i.e. car wash, gas fill up, pick up orthotics, pick up lunch, pick up paperwork at Rego Park), maintain a safe and clear pathway to the office daily, change office light bulbs, trash, snow and leaf removal, and perform handy man services.

18. Plaintiff was on call 24 hours per day, seven days per week.

19. The work performed by plaintiff required no capital investment, and his duties did not include managerial responsibilities or the exercise of independent judgment.

20. Plaintiff had no authority or discretion to hire or fire any employees.

21. Plaintiff had no authority or discretion to determine the rate of pay for any employee.

22. Plaintiff had no authority or discretion to train any employees how to fulfill their duties.

23. Plaintiff had no authority or discretion to create work schedules for other employees

24. Plaintiff regularly worked during the hours of 8:30 am to 1:00 pm Monday and Wednesday, 1:30 pm to 5:30 pm Thursday, 10 pm to 12 am Monday and Thursday, and four hours on Saturdays on-call.

25. Plaintiff regularly worked a minimum of 16 per week.

26. Plaintiff received no pay for the hours he worked.

27. John Doe PC d/b/a Aadvanced Footcare Associates is considered an "employer" within the meaning of the Fair Labor Standards Act and the New York Labor Law.

28. Upon information and belief, Ivan Abrahamson, Hal Abrahamson, and Debra Manheim exercised control over John Doe PC d/b/a Aadvanced Footcare Associates' day-to-day operations.

29. Upon information and belief, Ivan Abrahamson, Hal Abrahamson, and Debra Manheim had the power to hire and fire employees at John Doe PC d/b/a Aadvanced Footcare Associates

30. Upon information and belief, Ivan Abrahamson, Hal Abrahamson, and Debra Manheim exercised sufficient control over the corporate defendant's daily operations to be considered an "employer" within the meaning of the Fair Labor Standards Act and the New York Labor Law.

## AS AND FOR THE FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT—UNPAID MINIMUM WAGES

31. Daniel J. Pflanzer repeats all prior paragraphs.

32. At all relevant times, Defendants have been an employer engaged in interstate commerce within the meaning of the FLSA, 29 USCS §§ 206(a).

33. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34. Defendants willfully violated Plaintiff's rights by failing to pay him minimum wage for each hour worked, violating the FLSA.

35. At all relevant times, Defendants have had a policy and practice of refusing to pay minimum wage to Plaintiff for his hours worked.

36. Upon information and belief, at all relevant times, Defendants had a gross annual revenue in excess of $500,000.

37. As a result of Defendants' willful failure to compensate Plaintiff at a rate not less than the minimum wage, the defendant has violated, and continues to violate, the FLSA, 29 USCS §§ 201, et seq., including 29 USCS § 206(a)(1) and 215(a).

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 USCS § 255(a).

39. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 USCS § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW—UNPAID MINIMUM WAGES

40. David J. Pflanzer repeats all prior paragraphs.

41. At all relevant times, Plaintiff was employed by Defendants within the meaning of Labor Law §§ 2 and 651.

42. Defendants willfully violated Plaintiff's rights by failing to pay him minimum wage for each hour worked, violating the Labor Law and its regulations.

43. Defendants have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

44. Due to Defendants' Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, statutory and/or liquidated and/or punitive damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to Labor Law § 663(1).

## NO PRIOR APPLICATION

45. No previous application has been made for the relief sought herein to this court or any other of competent jurisdiction.

WHEREFORE, Plaintiff demands relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

2. Equitably tolling the statute of limitations period;

3. An award of unpaid overtime compensation due under the FLSA and the Labor Law against Defendants jointly and severally;

4. An award of prejudgment and post-judgment interest;

5. An award of costs and expenses of this action together with reasonable attorney and expert fees;

6. An award of statutory and/or liquidated and/or punitive damages; and

7. Such other and further relief as this Court deems just and proper.

Dated: Nassau, New York
       May 6, 2018

/s/ Akiva Shapiro

Akiva Shapiro, Esq.
Akiva Shapiro Law, PLLC
Attorney for Plaintiff
Mailing Address:
696 Old Bethpage Road #540
Old Bethpage, NY 11804
Phone: (347) 435-6529
Fax: (347) 710-2543
akiva@shapirolaw.nyc

# VERIFICATION

STATE OF NEW YORK. COUNTY OF QUEENS ss:

    I, Daniel Pflanzer, Plaintiff in the action, have read the foregoing document and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
Daniel Pflanzer

Affirmed to before me this

3 rd day of May 2018

_____
Notary Public

ANGELA KO
Notary Public – State of New York
NO. 01KO5059972
Qualified in Queens County
My Commission Expires May 6, 2018

FROM : VILLAGE STAT,YINC1    PHONE NO. : 718 591 0507    May. 03 2018 10:33AM P9