UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL J. PFLANZER,	Docket No. 1:18-CV-2676-WFK-LB

Plaintiff,

-against-	**THIRD PARTY COMPLAINT AND DEMAND FOR JURY TRIAL**

JOHN DOE PC d/b/a AADVANCED FOOTCARE
ASSOCIATES, HAL F. ABRAHAMSON,
DEBRA B. MANHEIM AND HAL F.
ABRAHAMSON AS THE EXECUTOR OF THE
ESTATE OF IVAN ABRAHAMSON,

Defendants.
------------------------------------------------------------X

HAL F. ABRAHAMSON, individually and as a Trustee
of the Abrahamson Family 2013 Trust and
AADVANCED FOOTCARE ASSOCIATES,

Third Party Plaintiffs,

-against-

KIMBERLY GIULIANI and DANIEL J. PFLANZER,

Third Party Defendants.
------------------------------------------------------------X

Defendant/Third Party Plaintiffs Hal F. Abrahamson, individually and as Trustee of the Abrahamson Family 2013 Trust and Aadvanced Footcare Associates by and through their attorneys the Law Office of Daniel R. Olivieri, P.C., complains of the Third Party Defendants Kimberly Giuliani and Daniel J. Pflanzer and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to 28 USC §1367 in which any civil action of which the District Court has original jurisdiction, the District Court shall have

supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case for controversy under Article 3 of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder and intervention of additional parties.

2. Venue is proper in this District as Defendant/Third Party Plaintiff Hal F. Abrahamson resides in Suffolk County, New York and the Third Party Defendants Kimberly Giuliani and Daniel J. Pflanzer reside in Queens County, New York and pursuant to local Rule 50.1(d)(3) for the convenience of the parties and witnesses.

3. The jurisdiction of this Court is invoked inasmuch as the real property which is part of the subject of this Third Party Action is located in the County of Queens, State of New York within the jurisdiction of this Court.

## NATURE OF THE THIRD PARTY ACTION

4. Third Party Plaintiff Hal F. Abrahamson, as one of the Trustees of the Abrahamson Family 2013 Trust (the other Trustee is Jeff Abrahamson, his brother) is a fifty (50%) owner along with Plaintiff and Third Party Defendant Daniel J. Pflanzer of the premises known as 76-79 172nd Street, Flushing, New York 11366 as further identified in a Deed filed as Block 7008, Lot 43, County of Queens (hereinafter the "Premises") in which Third Party Plaintiff Abrahamson as Trustee and/or individually is entitled to monies for unpaid real estate taxes, utilities, conversion, unjust enrichment and is entitled to an Order of Partition, wrongful ejectment, an accounting and unjust enrichment.

5. Third Party Plaintiff Hal F. Abrahamson as the sole partner of Defendant Aadvanced Footcare Associates (improperly sued herein as John Doe P.C. d/b/a Aadvanced Footcare Associates) is entitled to recover Aadvanced Footcare Associates property (including

2

but not limited to x-ray machine, medical equipment, patient records and other items), conversion of property, monies for tortious interference with business opportunity and wrongful ejectment from the Premises known as 76-79 172nd Street, Flushing, New York 11366.

## THE PARTIES

6. At all relevant times hereinafter mentioned, Defendants/Third Party Plaintiff Hal F. Abrahamson is a natural person and is a resident of the State of New York, County of Suffolk and is the partner in Defendant/Third Party Plaintiff Aadvanced Footcare Associates.

7. At all relevant times hereinafter mentioned, Defendant Hal F. Abrahamson is a Trustee of the Abrahamson Family 2013 Trust, a New York Trust (hereinafter the "Trust") which is a fifty (50%) percent owner of the Premises.

8. Upon information and belief, at all relevant times hereinafter mentioned, Plaintiff/Third Party Defendant Daniel J. Pflanzer is a natural person who was and still is residing in the State of New York, County of Queens and more particularly at 76-79 172nd Street, Flushing, New York 11366.

9. Upon information and belief, at all relevant times hereinafter mentioned, Plaintiff/Third Party Defendant was and still is a fifty (50%) owner of the Premises.

10. Upon information and belief, at all relevant times hereinafter mentioned, Third Party Defendant Kimberly Giuliani was and still is a natural person residing in the State of New York County of Queens and more particularly at 76-79 172nd Street, Flushing, New York 11366.

## FACTUAL BACKGROUND

11. The premises known as 76-79 172nd Street, Flushing, New York 11366 (hereinafter referred to as the "Premises") is presently owned by the Abrahamson Family 2013

Trust, as a fifty (50%) percent owner and Daniel J. Pflanzer is the other, fifty (50%) percent owner in the Premises.

12. The fifty (50%) percent interest in the Premises was transferred by Defendant/Third Party Plaintiff Hal F. Abrahamson's parents to the Trust.

13. Plaintiff/Third Party Defendant Daniel J. Pflanzer inherited the fifty (50%) percent interest in the Premises from his mother Marylou Pflanzer and his sister Jan Pflanzer.

14. From on or about May 10, 2013 until present, Defendant/Third Party Plaintiff Hal F. Abrahamson as a Trustee of the Abrahamson Family 2013 Trust which is the record owner of the subject Premises on the records of the Clerk of the County of Queens by virtue of a certain Deed from his father Ivan Abrahamson.

15. Upon information and belief, Marylou Abrahamson (thereafter known as Marylou Pflanzer) acquired title by Deed from Dr. Ivan Abrahamson dated April 7, 1986 in Liber Reel No. 2077, Page 1867 as to an undivided fifty (50%) percent interest in the Premises.

16. Upon information and belief, Marylou Abrahamson (thereafter known as Marylou Pflanzer) who is deceased was the mother of the Plaintiff/Third Party Defendant Daniel J. Pflanzer.

17. Upon information and belief, Jan Pflanzer is the daughter of Marylou (Abrahamson) Pflanzer and the sister of Plaintiff/Third Party Defendant Daniel J. Pflanzer.

18. Upon information and belief, Jan Pflanzer is deceased (date of death August 9, 2016) leaving Daniel J. Pflanzer the sole beneficiary and owner with a fifty (50%) percent interest in the Premises.

19. At all relevant times hereinafter mentioned, Plaintiff/Third Party Defendant Daniel J. Pflanzer and Third Party Defendant Kimberly Giuliani are residing in the Premises.

4

20. At all relevant times hereinafter mentioned, Third Party Defendants have not paid any real estate taxes for the Premises.

21. Upon information and belief, Third Party Defendants have not made any payments towards electricity, natural gas, water, sewer or any other utility while living at the Premises.

22. Upon information and belief, at all relevant times hereinafter mentioned, Ivan Abrahamson and Jean Abrahamson are the parents of Defendant/Third Party Plaintiff Hal F. Abrahamson and the uncle and aunt of the Plaintiff/Third Party Defendant Daniel Pflanzer, who paid all of the carrying costs of the Premises including, but not limited to, the real estate taxes, electricity, natural gas, water and sewer bills as well as maintenance despite the fact that Plaintiff/Third Party Defendant Daniel J. Pflanzer and Third Party Defendant Kimberly Giuliani have resided at and occupied the Premises except for the three rooms on the first floor wherein Aadvanced Footcare Associates maintained its medical office.

23. During the entire period that the Third Party Defendants have resided at the Premises, they have paid for nothing.

24. Upon information and belief, during the entire period of time that the Third Party Defendants resided at the Premises they caused utility bills to be exorbitant by their wasteful behavior.

25. On or about October 15, 2018, Jean Abrahamson, the mother of Defendant/Third Party Plaintiff evidenced by a written agreement assigned all monies due and owing her from Third Party Defendants for the monies paid by her to support and maintain the Premises to Hal F. Abrahamson.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## AGAINST THIRD PARTY DEFENDANTS FOR PARTITION

26. Third Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked and numbered 1 through 25, inclusive of this Third Party Complaint as if fully set forth at length herein.

27. The subject Premises as described herein is presently owned by the Abrahamson Family 2013 Trust as fifty (50%) percent owner and Plaintiff/Third Party Defendant Daniel J. Pflanzer as fifty (50%) percent owner.

28. By operation of law and deeds, the Plaintiff/Third Party Defendant Daniel J. Pflanzer and Defendant/Third Party Plaintiff Hal F. Abrahamson as Trustee of the Trust are equal owners and tenants in common in the subject Premises.

29. There are no other persons other than Plaintiff/Third Party Defendant and Defendant/Third Party Plaintiff as Trustee of the Trust herein with any interest in the subject Premises as owners.

30. Upon information and belief, Plaintiff/Third Party Defendant is of full age and of good mind and the Defendant/Third Party Plaintiff is of full age and of good mind, as individually and as Trustee of the Trust.

31. Upon information and belief, Plaintiff/Third Party Defendant is the sole beneficiary of any estate left by his mother, Marylou Abrahamson, thereafter known as Marylou Pflanzer and his sister Jan Pflanzer as there were no other issue of Marylou Pflanzer (f/k/a Marylou Abrahamson).

32. Upon information and belief, there was no Will and no administration filed by Plaintiff/Third Party Defendant Daniel J. Pflanzer and as such no executor or administrator has been appointed for the estate of either Marylou Pflanzer and/or Jan Pflanzer.

33. Defendant/Third Party Plaintiff as Trustee of the Abrahamson Family 2013 Trust has demanded that the Plaintiff/Third Party Defendant either convey his one-half (1/2) interest in the subject Premises to the Abrahamson Family 2013 Trust or put the Premises up for sale along with the Abrahamson Family 2013 Trust.

34. Plaintiff/Third Party Defendant has failed and refused and still fails and refuses to either convey the Premises or to put the Premises up for sale.

35. By reason of the foregoing, the subject Premises, the rights, shares and interests of each of the parties to this Third Party Action based upon Plaintiff/Third Party Defendant Daniel J. Pflanzer's intestate interest so far as the same are known to the Third Party Plaintiff are (a) that the Plaintiff/Third Party Defendant is entitled to an undivided one-half (1/2) interest in said subject Premises subject to an accounting and set off; and (b) that the Defendant/Third Party Plaintiff is entitled to an undivided one-half (1/2) interest in said subject Premises.

36. Plaintiff/Third Party Defendant Pflanzer took possession of the Premises to the wrongful exclusion of the Defendant/Third Party Plaintiff Abrahamson as Trustee and partner in Aadvanced Footcare Associates and has occupied and possessed and still occupies and possesses the same and claims to be the owner thereof by virtue of the Deeds hereinabove described.

37. The subject Premises hereinabove described are so situated that a partition and division thereof among the parties according to their respective rights and interest cannot be had without great prejudice to the owners thereof.

38. The parties hereto own in common no other real estate in this State; and that the subject Premises by reason of diversity of interest of the parties hereto and the character and extent of said realty are incapable of actual partition.

39. Defendant/Third Party Plaintiff has no adequate remedy at law.

40. That no other action has been brought for partition of the Premises as herein described.

41. The title to the subject Premises be adjudicated to be in the Defendant/Third Party Plaintiff to the extent of an undivided one-half (1/2) interest therein.

42. Defendant/Third Party Plaintiff demands an Order of Partition and Sale of the subject Premises.

### AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST THE THIRD PARTY DEFENDANTS FOR AN ACCOUNTING

43. Third Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked and numbered 1 through 42, inclusive of this Third Party Complaint as if fully set forth at length herein.

44. Upon information and belief, Third Party Defendants have collected rents from various individuals and/or companies including but not limited to permitting commercial/consumer food trucks to be stored at the Premises for a monthly fee.

45. Upon information and belief, the Plaintiff/Third Party Defendant has further encumbered the subject Premises by filing complaints with various governmental agencies causing needless fines or other encumbrances upon the Premises.

46. Plaintiff/Third Party Defendant has not rendered an accounting thereto to the Defendant/Third Party Plaintiff although duly demanded.

47. By reason of the foregoing, Defendant/Third Party Plaintiff demands an accounting of the Plaintiff/Third Party Defendant.

### AS AND FOR A THIRD CLAIM FOR RELIEF AGAINST THIRD PARTY DEFENDANTS FOR EJECTMENT AND EVICTION

48. Third Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked and numbered 1 through 47, inclusive of this Third Party Complaint as if fully set forth at length herein.

49. Third Party Defendants Daniel J. Pflanzer and Kimberly Giuliani presently unlawfully occupy the Premises paying no rent, or any additional rents for insurance to protect the Premises.

50. Upon the Order granting Partition and the sale of the Premises, it is respectfully requested that this Court grant an Order of Eviction issuing a Warrant of Eviction and a Judgment of Possession in favor of the Defendant/Third Party Plaintiffs as against the Plaintiff/Third Party Defendant Daniel J. Pflanzer and Third Party Defendant Kimberly Giuliani.

### AS AND FOR A FOURTH CLAIM FOR RELIEF AS AGAINST THIRD PARTY DEFENDANTS FOR CONVERSION

51. Third Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked and numbered 1 through 50, inclusive of this Third Party Complaint as if fully set forth at length herein.

52. The Plaintiff/ Third Party Defendant Daniel J. Pflanzer and Third Party Defendant Kimberly Giuliani have unlawfully and improperly changed the locks on the Premises preventing Defendant/Third Party Plaintiff Hal F. Abrahamson, individually and as Trustee of the Abrahamson Family 2013 Trust from entering the Premises.

53. The unlawful acts of the Third Party Defendants in preventing Defendant/Third Party Plaintiff Hal F. Abrahamson, individually and as Trustee of the Abrahamson Family 2013 Trust has caused a severe injury as well as a confiscation and conversion of Defendant/Third Party Plaintiff's property including but not limited to x-ray machines, medical equipment, supplies and business records.

54. By reason of the forgoing, Defendant/Third Party Plaintiff has been damaged by Third Party Defendants for conversion in an amount to be determined at trial, but in no event less than $150,000.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
## AS AGAINST THIRD PARTY DEFENDANTS FOR
## TORTIOUS INTERFEENCE WITH BUSINESS OPPORTUNITY

55. Third Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked and numbered 1 through 53, inclusive of this Third Party Complaint as if fully set forth at length herein.

56. Defendant/Third Party Plaintiff Hal F. Abrahamson a partner in Aadvanced Footcare Associates has suffered damage to the podiatric medical practice by the wrongful exclusion and eviction caused by Plaintiff/Third Party Defendant Daniel J. Pflanzer and Third Party Defendant Kimberly Giuliani.

57. Defendant/Third Party Plaintiff Abrahamson as partner in Aadvanced Footcare Associates has lost the entire practice at the Premises due to Plaintiff and Third Party Defendants' wrongful and illegal conducts as excluding all access to the Premises and excluding all access by Defendant/Third Party Plaintiff Hal F. Abrahamson to the Premises.

58. By reason of the foregoing, Defendant/Third Party Plaintiff Hal F. Abrahamson has been damaged in an amount to be determined at trial, but in no event less than $500,000.

## AS AND FOR A SIXTH CLAIM FOR RELIEF AS AGAINST THIRD PARTY DEFENDANTS FOR UNJUST ENRICHMENT

59. Third Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked and numbered 1 through 57, inclusive of this Third Party Complaint as if fully set forth at length herein.

60. As a result of the Plaintiff/Third Party Defendant receiving and accepting the various monies and items set forth above provided by Third Party Plaintiff's mother to Third Party Defendants, receiving rent monies without accounting and residing at the Premises without paying their fifty (50%) percent obligations towards the Premises, the Third Party Defendant was unjustly enriched in an amount to be determined at trial, but in no event less than $50,000, together with interest at the legal rate from May 13, 2013.

61. By reason of the foregoing, Plaintiff/Third Party Defendant has been unjustly enriched by the Defendants/Third Party Plaintiffs in an amount to be determined at trial but in no event less than the sum of $50,000 together with interest at the legal rate from May 13, 2013.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF AS AGAINST THIRD PARTY DEFENDANTS FOR WRONGUL EVICTION AND EJECTMENT

62. Third Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked and numbered 1 through 60, inclusive of this Third Party Complaint as if fully set forth at length herein.

63. Plaintiff/Third Party Defendant wrongfully changed the locks and excluded Defendants/Third Party Plaintiffs from occupying and using the Premises.

64. The Third Party Plaintiffs by being wrongfully evicted and excluded from the Premises has lost their ability to operate a medical practice and use the Premises.

65. By reason of the foregoing, Defendant/Third Party Plaintiffs have been damaged by the Plaintiff/Third Party Defendants in an amount to be determined at trial but in no event less than the sum of $500,000 together with interest at the legal rate from May 13, 2013.

WHEREFORE, Defendant/Third Party Plaintiff respectfully requests that this Court grant a Judgment against the Plaintiff/Third Party Defendants for relief as follows:

(a) On the First Claim for Relief an Order for Partition and the sale of the subject Premises with the proceeds from such sale be divided after an accounting and setoff for the claims sought herein;

(b) On the Second Claim for Relief for an accounting by the Plaintiff/Third Party Defendant to the Defendant/Third Party Plaintiff;

(c) On the Third Claim for Relief for ejectment of Third Party Defendants and a Judgment of Possession and Warrant of Eviction;

(d) On the Fourth Claim for Relief a judgment on conversion directing that the Plaintiff/Third Party Defendant return the property of Defendant/Third Party Plaintiff Hal F. Abrahamson and awarding damages in an amount to be determined at trial but in no event less than $150,000;

(e) On the Fifth Claim for Relief for tortious interference of business opportunity by the wrongful exclusion of Defendant/Third Party Plaintiff by Plaintiff/Third Party Defendant damaging Third Party Plaintiff's business in an amount to be determined at trial, but in no event less than $500,000;

(f) On the Sixth Claim for Relief for unjust enrichment in an amount to be determined at trial, but in no event less than $50,000.

(g) On the Seventh Claim for Relief for wrongful eviction and ejectment in an amount to be determined at trial, but in no event less than $500,000.

(h) Together with such other and further relief as this Court deems just and proper, including attorney's fees, costs, interest as applicable and fees.

Dated: Jericho, New York
      October 15, 2018

                        LAW OFFICE OF DANIEL R. OLIVIERI, P.C.

                        By: _____
                        Daniel R. Olivieri, Esq.
                        100 Jericho Quadrangle, Suite 233
                        Jericho, New York 11753
                        516-404-0704
                        516-931-8101
                        dolivieri@olivierilaw.com

                        *Attorneys for Defendants/Third Party Plaintiff*
                        *Hal F. Abrahamson and Aadvanced Footcare*
                        *Associates*

# VERIFICATION

STATE OF NEW YORK ) 
                          ss:
COUNTY OF Nassau )

HAL F. ABRAHAMSON, being duly sworn, deposes and says:

That I am the Defendant/Third Party Plaintiff in the within action; have read the foregoing Third Party Complaint and know the contents thereof. The contents are true to my own knowledge, except to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
HAL F. ABRAHAMSON

Sworn to before me this
15TH day of October, 2018

_____
Notary Public

SUSAN A. NYLUND
Notary Public, State of New York
No. 4765698
Qualified in Nassau County
Commission Expires April 30, 2022