UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION – CENTRAL ISLIP
-------------------------------------------------------x
Daniel J. Pflanzer,

                                                  Civil Action, File No: 1:18-cv-2676
                      Plaintiffs,
     -against-

John Doe PC d/b/a Aadvanced Foot Care
Associates, Hal F. Abrahamson, and
Hal F. Abrahamson as the Executor of the
Estate of Ivan Abrahamson,

                    Defendants.
-------------------------------------------------------x

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendants, John Doe PC d/b/a Aadvanced Foot Care Associates, Hal F. Abrahamson, Debra B. Manheim, and Hal F. Abrahamson as the Executor of the Estate of Ivan Abrahamson ("Defendants"), by and through their undersigned counsel, hereby respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents Directed to Answer Defendants as follows:

### PRELIMINARY STATEMENT

1.    Defendants have not yet completed their investigation of the facts relating to this action, and have not yet completed their preparation for trial. The following responses to the Discovery Requests are given without prejudice to Defendants' right to produce or present, at the time of trial, subsequently-discovered evidence.

2.    Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred from Defendants' response to the Discovery

Requests. The fact that an individual Discovery Request has been responded to should not be taken as an admission or acceptance of the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.

3. Each of the responses or objections is based on Defendants' understanding of the Discovery Requests. To the extent that Plaintiff asserts an interpretation of any Discovery Request that is inconsistent with Defendants' understanding, Defendants reserve the right to supplement its objections and responses.

4. In responding to the document requests, Defendants will endeavor to product those responsive documents presently known by or available to them after a diligent search and reasonable inquiry and that are not privileged or otherwise protected from disclosure. However, discovery with respect to this action has not yet been completed as of the date of these responses, and ongoing discovery and investigation may uncover documents not presently known but upon which Defendants may necessarily rely in this action. As discovery is ongoing and continuing with respect to each of the categories of documents sought by the requests, Defendants reserve the right to supplement these responses to the requests at any time up to and including the trial of this action.

5. These responses are made solely for the purpose of this action. The responses do not waive any appropriate objection, including but not limited to those based on competency, relevancy, materiality, attorney-client privilege, work-product or admissibility, which would require the exclusion of any statement made herein if the statement were offered into evidence in Court. All objections to the Discovery are reserved and may be interposed at the time of trial or other proceeding.

6. Without obligating itself to do so, except to the extent required by the Federal Rules of Civil Procedure, Defendants reserve the right to change or supplement these responses

as additional facts or documents are discovered. Defendants reserve the right to utilize subsequently discovered facts or documents at trial.

## **GENERAL OBJECTIONS**

A. Defendants object to the Discovery Requests and the instructions therein to the extent they seek to impose obligations beyond those contained within the Federal Rules of Civil Procedure.

B. Defendants object to the Discovery Requests to the extent they seek information not within the possession, custody, or control of Defendants.

C. Defendants object to the Discovery Requests to the extent they seek information protected by the attorney work-product doctrine, attorney-client privilege, and any other applicable rule of privilege, confidentiality or immunity provided by law. A privilege log will be provided which identifies documents withheld pursuant to these privileges.

D. Defendants object to the Discovery Requests to the extent they seek information that is equally available to the parties, is in the public domain, or can be found in Defendants' previous or contemporaneous disclosures, or Plaintiffs' disclosures, and the burden of deriving or ascertaining the answer or response is substantially the same for Plaintiffs as it is for Defendants. See Fed. R. Civ. P. 33(d).

E. Defendants object to the Discovery Requests to the extent they are vague, ambiguous, misleading and/or unintelligible.

F. Defendants object to the Discovery Requests to the extent they are overly broad, unduly burdensome, oppressive, and/or vexatious.

G. Defendants object to the Discovery Requests to the extent they seek information that is not relevant to the subject matter of this action or is disproportional to the needs of the case.

H. Defendants object to the Discovery Requests to the extent they call for legal conclusions.

I. Defendants object to Plaintiff's definitions and use of the terms "referred to," "reflect," "relate to" in the Discovery Requests, as such requests are overbroad and unduly burdensome. *Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533, 535 (D. Kan. 2003) (finding that discovery requests using words like "regarding" or "relating to" with respect to a category or group of documents is facially overbroad).

J. Defendant objects to Plaintiffs' reference to "Defendants" or agents of Defendants in the Discovery Requests to the extent they include any non-party and any individual who was not a manager or supervisor of Defendants during the dates at issue. To the extent the terms are more broadly defined, they are overbroad, unduly burdensome, seek discovery that is immaterial and irrelevant, and seek discovery that is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORIES

1. State the name, address and position of the person answering these interrogatories, as well as the name and address of the company the person is answering for.

**ANSWER:** Hal F. Abrahamson, individually and Partner of Aadvanced Footcare Associates, 97-07 63rd Road, Rego Park, New York 11374.

2. State the name of the payroll services used by Defendants' Podiatry Practice since 2002, including the account name and account number.

**ANSWER:** Advantage Payroll k/n/a Paychex, 30 Knightsbridge Road, Building #5, Piscataway, NJ 08854; Account Name: Aadvanced Footcare Associates; Account No. 00094-4392-00-0014.


Dated: Jericho, New York
December 20, 2018

_____
Daniel R. Olivieri, Esq.
LAW OFFICE OF DANIEL R. OLIVIERI, P.C.
100 Jericho Quadrangle, Suite 233
Jericho, New York 11753
Telephone: (516) 470-0704
Facsimile: (516) 931-8101
dolivieir@olivierilaw.com
*ATTORNEYS FOR DEFENDANTS*

TO: Akiva Shapiro, Esq.
Akiva Shapiro Law, PLLC
Attorneys for Plaintiff
696 Old Bethpage Road #540
Old Bethpage, New York 11804
Phone: (347) 435-6529
Fax: (347) 710-2543
akiva@shapirolaw.nyc

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20 day of December, 2018, a true and correct copy of the foregoing **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** was served via CM/ECF on the following:

To: Akiva Shapiro, Esq.
Akiva Shapiro Law, PLLC
696 Old Bethpage Road, #540
Old Bethpage, New York 11804
akiva@shapirolaw.nyc
*Attorneys for Plaintiff Daniel J. Pflanzer*

Daniel R. Olivieri, Esq.
s/
for Law Office of Daniel R. Olivieri, P.C.