UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION – CENTRAL ISLIP
-----------------------------------------------------------x
Daniel J. Pflanzer,

                                                        Plaintiffs,      Civil Action, File No: 1:18-cv-2676

    -against-

John Doe PC d/b/a Aadvanced Foot Care
Associates, Hal F. Abrahamson, and
Hal F. Abrahamson as the Executor of the
Estate of Ivan Abrahamson,

                                                   Defendants.
-----------------------------------------------------------x

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants, John Doe PC d/b/a Aadvanced Foot Care Associates, Hal F. Abrahamson, Debra B. Manheim, and Hal F. Abramhamson as the Executor of the Estate of Ivan Abramhamson ("Defendants"), by and through their undersigned counsel, hereby respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents Directed to Answer Defendants as follows:

### PRELIMINARY STATEMENT

1.     Defendants have not yet completed their investigation of the facts relating to this action, and have not yet completed their preparation for trial. The following responses to the Discovery Requests are given without prejudice to Defendants' right to produce or present, at the time of trial, subsequently-discovered evidence.

2.     Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred from Defendants' response to the Discovery

Requests. The fact that an individual Discovery Request has been responded to should not be taken as an admission or acceptance of the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.

3. Each of the responses or objections is based on Defendants' understanding of the Discovery Requests. To the extent that Plaintiff asserts an interpretation of any Discovery Request that is inconsistent with Defendants' understanding, Defendants reserve the right to supplement its objections and responses.

4. In responding to the document requests, Defendants will endeavor to product those responsive documents presently known by or available to them after a diligent search and reasonable inquiry and that are not privileged or otherwise protected from disclosure. However, discovery with respect to this action has not yet been completed as of the date of these responses, and ongoing discovery and investigation may uncover documents not presently known but upon which Defendants may necessarily rely in this action. As discovery is ongoing and continuing with respect to each of the categories of documents sought by the requests, Defendants reserve the right to supplement these responses to the requests at any time up to and including the trial of this action.

5. These responses are made solely for the purpose of this action. The responses do not waive any appropriate objection, including but not limited to those based on competency, relevancy, materiality, attorney-client privilege, work-product or admissibility, which would require the exclusion of any statement made herein if the statement were offered into evidence in Court. All objections to the Discovery are reserved and may be interposed at the time of trial or other proceeding.

6. Without obligating itself to do so, except to the extent required by the Federal Rules of Civil Procedure, Defendants reserve the right to change or supplement these responses

as additional facts or documents are discovered. Defendants reserve the right to utilize subsequently discovered facts or documents at trial.

## **GENERAL OBJECTIONS**

A. Defendants object to the Discovery Requests and the instructions therein to the extent they seek to impose obligations beyond those contained within the Federal Rules of Civil Procedure.

B. Defendants object to the Discovery Requests to the extent they seek information not within the possession, custody, or control of Defendants.

C. Defendants object to the Discovery Requests to the extent they seek information protected by the attorney work-product doctrine, attorney-client privilege, and any other applicable rule of privilege, confidentiality or immunity provided by law. A privilege log will be provided which identifies documents withheld pursuant to these privileges.

D. Defendants object to the Discovery Requests to the extent they seek information that is equally available to the parties, is in the public domain, or can be found in Defendants' previous or contemporaneous disclosures, or Plaintiffs' disclosures, and the burden of deriving or ascertaining the answer or response is substantially the same for Plaintiffs as it is for Defendants. See Fed. R. Civ. P. 33(d).

E. Defendants object to the Discovery Requests to the extent they are vague, ambiguous, misleading and/or unintelligible.

F. Defendants object to the Discovery Requests to the extent they are overly broad, unduly burdensome, oppressive, and/or vexatious.

G. Defendants object to the Discovery Requests to the extent they seek information that is not relevant to the subject matter of this action or is disproportional to the needs of the case.

H. Defendants object to the Discovery Requests to the extent they call for legal conclusions.

I. Defendants object to Plaintiff's definitions and use of the terms "referred to," "reflect," "relate to" in the Discovery Requests, as such requests are overbroad and unduly burdensome. *Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533, 535 (D. Kan. 2003) (finding that discovery requests using words like "regarding" or "relating to" with respect to a category or group of documents is facially overbroad).

J. Defendant objects to Plaintiffs' reference to "Defendants" or agents of Defendants in the Discovery Requests to the extent they include any non-party and any individual who was not a manager or supervisor of Defendants during the dates at issue. To the extent the terms are more broadly defined, they are overbroad, unduly burdensome, seek discovery that is immaterial and irrelevant, and seek discovery that is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORIES

1. State the name, address and position of the person answering these interrogatories, as well as the name and address of the company the person is answering for.

**ANSWER:** Hal F. Abrahamson, individually and Partner of Aadvanced Footcare Associates, 97-07 63rd Road, Rego Park, New York 11374.

2. State the names of witnesses:

**ANSWER:** Hal F. Abrahamson, Lori Karp, Daniel Orozco, DPM, Jean Abrahamson

3. State, and describe in detail, if Daniel J. Pflanzer performed any of the following duties at Aadvanced Foot Care Associates: Open the office; Start up the office; Check daily sheet for patients and pull those charts; Answer phones; Pre-cut foot pads; Sterilize utensils in the "Auto Clave" machine; Prepare patient rooms with p roper utensils for the doctors; Welcome patients; Escort patients to rooms; Apply Biofreeze and massage heels of patients' feet with hand held devices; Prepare and administer "whirl-pool" foot baths; Clean any part of the office; Clean utensils after patient visit; File charts away; Clean and change vacuum bags in the foot drill machines; Order or stock office and medical supplies; Assist with or perform foot x-rays; Run errands for Jean Abrahamson (i.e. car wash, gas fill up, pick up orthotics, pick up lunch, pick up paperwork at Rego Park); Maintain a safe and clear pathway to the office; Change office light bulbs; Take out trash; Remove snow or leaves; Perform handy man services.

**ANSWER:** No. Mr. Pflanzer only did favors for his account, Jean Abrahamson, rarely opened the front door or performed activities in the residential part of the Premises in which he lived.

4. State if Daniel J. Pflanzer called Aadvanced Foot Care Associates and describe the nature of each call.

**ANSWER:** Unknown.

5. State who was responsible for opening the office of Aadvanced Foot Care Associates at its 76-79 172nd Street, Fresh Meadows, New York location and describe "xx."

**ANSWER:** Dr. Ivan Abrahamson and Jean Abrahamson. They opened the door.

6. State who was responsible for the cleaning the office of Aadvanced Foot Care Associates at its 76-79 172nd Street, Fresh Meadows, New York location and describe in detail how the cleaning was accomplished.

**ANSWER:** Dr. Ivan Abrahamson and Jean Abrahamson.

# DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST NOTICE FOR DISCOVERY AND PRODUCTION OF DOCUMENTS AND ELECTRONIC INFORMATION

1. Documents reflecting employment status and dates of employment, of Daniel J. Pflanzer with Aadvanced Foot Care Associates.

**ANSWER:** NONE.

2. During any time that Daniel J. Pflanzer was an employee of Aadvanced Foot Care Associates, payroll records of Daniel J. Pflanzer, including internal documents and ADP payroll documents.

**ANSWER:** NONE.

3. Documents demonstrating employment status and dates of employment of Debra B. Manheim with Aadvanced Foot Care Associates, including internal documents and ADP payroll documents.

**ANSWER:** Objection as this request is immaterial and irrelevant. No documents are available. However, Dr. Manheim was employed from July 1, 2003 to September 30, 2009.

4. Documents reflecting partnership of any doctor other than Ivan Abrahamson and Hal F. Abrahamson with Ivan Abrahamson and/or Hal F. Abrahamson.

**ANSWER:** NONE.

5. Phone records reflecting calls between Daniel J. Pflanzer, phone number (718) 600-1934, and Aadvanced Foot Care Associates, phone number (718) 896-1235.

**ANSWER:** Objection as this information is in the possession of Plaintiff and Defendants are no in possession of these records.

6. Documents demonstrating employment of individual(s) or services for cleaning of the office of Aadvanced Foot Care Associates at its 76-79 172nd Street, Fresh Meadows, New York location.

**ANSWER:** None.

7. Documents Defendants intend to rely upon at trial.

**ANSWER:** Objection as discovery is not complete and is ongoing.

Dated: Jericho, New York
       October 12, 2018

                                                                                Daniel R. Olivieri, Esq.
LAW OFFICE OF DANIEL R. OLIVIERI, P.C.
100 Jericho Quadrangle, Suite 233
Jericho, New York 11753
Telephone: (516) 470-0704
Facsimile: (516) 931-8101
dolivieir@olivierilaw.com
*ATTORNEY FOR DEFENDANTS*

TO: Akiva Shapiro, Esq.
    Akiva Shapiro Law, PLLC
    Attorney for Plaintiff
    696 Old Bethpage Road #540
    Old Bethpage, New York 11804
    Phone: (347) 435-6529
    Fax: (347) 710-2543
    akiva@shapirolaw.nyc

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ____ day of October, 2018, a true and correct copy of the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** was served via CM/ECF on the following:

To: Akiva Shapiro, Esq.
Akiva Shapiro Law, PLLC
696 Old Bethpage Road, #540
Old Bethpage, New York 11804
akiva@shapirolaw.nyc
*Attorney for Plaintiff Daniel J. Pflanzer*

Daniel R. Olivieri, Esq.
s/ _____
for Law Office of Daniel R. Olivieri, P.C.